UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephon Lamont Hill, *a/k/a Stephon L. Hill*, <br>                         Plaintiff, <br><br> vs. <br><br> Terry M. Love, Detective, <br>                         Defendant. | C/A No. 8:07-2629-JFA-BHH <br><br> **Report and Recommendation** |

The Plaintiff, Stephon Lamont Hill (Plaintiff), proceeding *pro se*, brings this false arrest/false imprisonment action, pursuant to 42 U.S.C. § 1983, against a Chester County Detective, Terry M. Love (Defendant Love). Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Under Local Rule 73.02(B)(2) pretrial proceedings in this action have been automatically referred to the assigned United States Magistrate Judge.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. at 106, holding them to a less stringent standard than those drafted by attorneys,

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to dismissal.

## Background

Plaintiff alleges that he was arrested by Defendant Love on March 23, 2003, for "parental kidnapping." Plaintiff remained in detention until September 15, 2003, when the Solicitor dismissed his charges, allegedly because no such criminal charge existed. Plaintiff states he was illegally arrested and falsely imprisoned by Defendant Love. The Plaintiff seeks monetary damages.

## Discussion

Service of process was authorized for Defendant Love by Order dated August 20, 2007.[Docket Entry No. 5]. The summons was issued for this Defendant on August 21, 2007. On December 27, 2007, the United States Marshal returned the Form USM-285 as "Unexecuted" for Defendant Detective Terry M. Love. [Docket Entry No. 10]. The Plaintiff had provided the following address for Defendant Love: 2740 Dawson Dr., Chester, South Carolina, 29706. The United States Marshal certified that he was unable to locate Defendant Love at the address Plaintiff provided on the summons and Form USM-285. The United States Marshal remarked "Terry Love no longer works at this Department. 2740 Dawson Dr. is Chester County Sheriff's Office Address. Multiple Loves in S.C.; further information needed."

By an Order filed on January 4, 2008, Plaintiff was advised that Defendant Love could not be served at the address Plaintiff originally provided to the Court. [Docket Entry No. 12]. Plaintiff was directed to complete and return a summons and Form USM-285 for Defendant Love with the Defendant's current address **within twenty (20) days**

from the date the Order was entered. Plaintiff failed to respond to the January 4, 2008, Order.

On January 31, 2008, a second Order, advising Plaintiff that Defendant Love could not be served at the address originally provided to the Court, was mailed to Plaintiff. [Docket Entry No. 13]. Plaintiff was again directed to complete and return service documents for Defendant Love with the Defendant's current address **within ten (10) days** from the date the Order was entered. Plaintiff was warned that the January 31, 2008, Order would be Plaintiff's final notice to provide the service documents needed to advance this case. Plaintiff also failed to respond to the Order issued on January 31, 2008.

The Plaintiff was directed by the undersigned in the August 20, 2007, January 4, 2008, and January 31, 2008, Orders to Rule 4(m) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.)[1] Plaintiff was further advised in all three Orders that "[t]he Plaintiff must provide, and is responsible for, information sufficient to identify the Defendant on the Forms USM-285. The United States Marshal cannot serve a Defendant that is not properly identified, and Defendants that are not served may be dismissed as parties to this case."

Plaintiff has not responded to the Orders issued by this Court on January 4, 2008, and January 31, 2008. By failing to comply with the Court's Orders to provide the information and paperwork necessary to accomplish service of process under 28 U.S.C.

---

[1] Pursuant to Rule 4(m), Fed. R. Civ. P., "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant . . . provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

§ 1915, Plaintiff has failed to prosecute this case. It is well established that this Court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Company*, 370 U.S. 626, 630-31 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). *Id.* at 630. This case should be dismissed pursuant to Rule 41(b) Fed. R. Civ. P., which allows for dismissal based on "failure of the plaintiff to prosecute or to comply with these rules or any order of court."

In addition, it has been over seven (7) months since Plaintiff's case was filed, and there is no evidence that Defendant Love has been served with process. As Plaintiff has failed to provide an additional address where Defendant Love may be located and served, it is recommended that the case be dismissed without prejudice.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice. See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74. Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 6, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).